

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2021
Nathan Ochsner, Clerk

ENTERED
05/13/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **JOSIAHS TRUCKING, LLC,** | § | **CASE NO: 21-70009** |
| Debtor. | § | |
| | § | **CHAPTER 11** |
| | § | |
| **CATHERINE STONE CURTIS,** | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 21-7002** |
| | § | |
| **LAW OFFICE OF ROGELIO SOLIS PLLC** | § | |
| and | § | |
| **ANA GOMEZ,** | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT THAT
DEFENDANTS LAW OFFICE OF ROGELIO SOLIS, PLLC and ANA GOMEZ'S
<u>MOTION TO WITHDRAW THE REFERENCE BE GRANTED</u>**
*Resolving ECF No. 42*

Pending before the Court is a single pleading filed by the Law Office of Rogelio Solis, PLLC ("*Solis*") and Ana Gomez ("*Gomez*," and, collectively with Solis, "*Defendants*") self-styled as "Defendants' Motion To Withdraw the Reference".[1] For the reasons set forth *infra*, and as required by Federal Rule of Bankruptcy Procedure 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference be immediately withdrawn, but that the District Court then refer the adversary proceeding to the undersigned judge for adjudication of all pretrial matters, with the undersigned judge thereafter notifying the District Court when the dispute is ready to be tried.

## I. Introduction

### A. Background and procedural history

1. On December 19, 2020, an automobile accident occurred when the trailer from a tractor trailer owned by the Debtor entered into the southbound lane of FM 493 and collided with a

---
[1] ECF No. 42

    vehicle carrying Carlos Tellez, Jr. and Anna Isabel Ortiz, which ultimately resulted in their deaths.[2]

2. Anna Isabel Ortiz is survived by Defendant Ana Gomez, her mother, and Reyes Adrian Ortiz, her father (collectively, "*Ortiz Family*").[3]

3. Shortly after the accident Ana Gomez employed Solis to begin the claims process.[4]

4. At the time of the accident, Brooklyn Specialty Insurance Company RRG, Inc. ("*Brooklyn Specialty*") insured the Debtor under Policy ATP-4-062020. Brooklyn Specialty has alleged that the applicable limit of liability under the policy is $1,000,000.00 ("*Policy Limits*").[5]

5. Gomez, through Solis, made a Stowers demand on Brooklyn Specialty for the Policy Limits.[6]

6. On or about January 12, 2021, Brooklyn Specialty paid as much as $1,000,000.00 ("*Policy Proceeds*") into Solis's IOLTA account for Gomez, exhausting the Policy Limits.[7]

7. On January 26, 2021, three petitioning creditors, Sonia Tellez, Carlos Tellez, and Rosemary Rodriguez filed an involuntary bankruptcy petition[8] against Josiah's Trucking, LLC ("*Debtor*") under chapter 7 of title 11 of the United States Code[9] in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.[10]

8. On February 9, 2021, the Trustee, then the interim trustee, filed the Complaint to Avoid and Recover Transfer Pursuant to 11 U.S.C. §§ 547 and 550 initiating this adversary proceeding.[11]

9. On February 9, 2021, the interim trustee also filed her Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("*TRO Motion*"), seeking a temporary restraining order and preliminary injunction enjoining the Defendants from distributing or otherwise disbursing any of the Policy Proceeds or funds they received, whether directly or from their counsel, from the Policy or from Brooklyn Specialty.[12]

---

[2] ECF No. 38 at 3, ¶ 8.
[3] ECF No. 38 at 3, ¶ 9.
[4] ECF No. 38 at 3, ¶ 11.
[5] ECF No. 38 at 4, ¶ 12.
[6] ECF No. 42 at 5, ¶ 22.
[7] *Id*. at ¶ 23.
[8] Citations to the docket in this adversary proceeding styled *Cathern Stone Curtis vs. Law Office of Rogelio Solis, PLLC and Ana Gomez,* 21-7002 (the "*Adversary Proceeding*"), shall take the form "ECF No. ––," while citations to the bankruptcy case, 21-7009 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ––." Bankr. ECF No. 1.
[9] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[10] ECF No. 42 at 3, ¶ 5.
[11] ECF No. 1
[12] ECF No. 2.

10. On February 11, 2021, the Court entered the Stipulation and Agreed Order which resolved the temporary restraining order of the TRO Motion and sought to maintain the status quo until March 11, 2021.[13]

11. On February 12, 2021, the Court entered the Order Setting Electronic Hearing on Interim Trustee's Motion for Preliminary Injunction setting the hearing on the preliminary injunction portion of the TRO Motion for March 10, 2021.[14]

12. On February 25, 2021, the Court entered its Order Granting Emergency Motion of Josiah's Trucking LLC to Convert to Chapter 11, converting the Involuntary Proceeding into a bankruptcy case under chapter 11 of the Bankruptcy Code.[15]

13. On March 3, 2021, the Court entered its Order Vacating Order Directing Appointment of Chapter 11 Trustee[16] and Corrected Order Directing Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C § 1104[17] directing the appointment of a chapter 11 trustee by the United States Trustee.

14. On March 9, 2021, the UST filed its Notice of Appointment of Chapter 11 Trustee appointing Catherine Stone Curtis as chapter 11 trustee ("*Trustee*" or "*Plaintiff*").[18]

15. On March 9, 2021, the UST filed its Application for Order Approving Appointment of Chapter 11 Trustee.[19]

16. On March 9, 2021, the Court entered the Stipulation and Agreed Order which, among other things, requires that Solis and Gomez will maintain in their possession, custody and control a combined balance of not less than $400,000 during the time period the Second Stipulation is in effect, which period shall be no less than 60 days from the date the Court entered the second stipulation.[20]

17. On March 10, 2021, the Court entered the Order Approving Appointment of Chapter 11 Trustee in the Josiah's Trucking, LLC Case approving the appointment of the Trustee.[21]

18. On March 26, 2021, the Trustee filed her amended complaint ("*Amended Complaint*") to avoid and recover preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.[22]

19. On March 29, 2021, the Trustee filed her motion for summary judgment.[23]

---

[13] ECF No. 17.
[14] ECF No. 18.
[15] Bankr. ECF No. 61.
[16] Bankr. ECF No. 62.
[17] Bankr. ECF No. 69.
[18] Bankr. ECF No. 73.
[19] Bankr. ECF No. 74.
[20] ECF No. 30.
[21] Bankr. ECF No. 77.
[22] ECF No. 38.
[23] ECF No. 40.

20. On April 9, 2021, Defendants filed the instant motion to withdraw the reference ("*Motion*") and entered their notice of non-consent to the entry of final orders or judgments by this Court.[24]

21. On May 3, 2021, the Trustee filed her Objection to Defendants' Motion to Withdraw the Reference ("*Response*").[25]

22. Defendants have not filed proofs of claim.

## II.  ANALYSIS

### A. Motion to withdraw and jury demand

In the Southern District of Texas, "a party should move to withdraw the reference within 90 days of the complaint or notice of removal" in an adversary proceeding.[26] Despite the 90-day window, "a party may challenge the bankruptcy judge's authority at any time."[27] Additionally, once there has been a jury demand and a notice of non-consent by either party, "the bankruptcy court can no longer conduct the trial of the matter unless neither party timely seeks to withdraw the reference."[28] If neither party timely moves to withdraw the reference, the bankruptcy court may construe that failure as "a waiver of the party's right to a jury trial."[29] On April 9, 2021, Defendants timely filed their request for withdrawal of the reference.[30] In their Motion, Defendants timely, although questionably, asserted their right to a jury trial.[31] Defendants' Motion states, "[a]s discussed above, because the Defendants are asserting their jury trial right, the Court may only issue a report and

---

[24] ECF No. 42.
[25] ECF No. 53.
[26] *In re: Bankruptcy Jurisdiction*, Gen. Order 2011–12 (S.D. Tex. Nov. 29, 2011).
[27] *Id.* (noting that "the general right of a party in interest to move to withdraw an adversary proceeding or contested matter to the district court remains" outside the 90-day window); *see also In re Quality Lease and Rental Holdings, LLC*, No. 14–6005, 2016 WL 416961, at *4 (Bankr. S.D. Tex. Feb. 1, 2016) (reading Gen. Order No. 2011–12 as not "prohibit[ing] a party's ability to request withdrawal after the expiration of 90 days.").
[28] *In re Blackwell*, 279 B.R. 818, 819 (Bankr. W.D. Tex. 2002).
[29] *Id.* at 820.
[30] ECF No. 42.
[31] ECF No. 42 at 14, ¶ 48.

recommendation to the District Court and not enter a final order."[32] Defendants' loose jury demand language created some confusion, leading Plaintiff, in her Response, to acknowledge that Defendants are entitled to a jury trial—if timely and properly asserted.[33]

There is no precise standard governing the form of a jury demand. In *Pinemont Bank*, the Fifth Circuit was faced with deciding whether service of the cover sheet to the plaintiff's amended complaint, with "Jury Demand: Check 'Yes' only if demanded in Complaint. Yes ___ No ___" inadvertently marked "yes," complied with Rule 38(b).[34] There, neither the plaintiff's original nor amended complaint contained a formal jury demand, and assuming the cover sheet to be sufficient under Rule 38(b), the defendant did not file a demand either.[35] The court declined to reach the issue of whether checking the jury demand box on the cover sheet and timely service of it on the opposing party constituted service of a jury demand under Rule 38(b); however, the court said, "we specifically caution all counsel that in any event it is plain that such is not the preferred method of compliance with Rule 38(b), and that it is fraught with danger for the party relying on it."[36]

While the case at bar differs from *Pinemont Bank* in that the form of Defendants' jury demand here raises eyebrows because of the language used, *Pinemont Bank* is instructive. Defendants' assertion of their right to a jury trial is written and was served on Plaintiff no later than 14 days after she filed her Amended Complaint as required by Rule 38(b), but it is questionable whether that language constitutes a jury trial demand or merely an assertion that Defendants' right to a jury trial exists, if invoked. As demonstrated by Plaintiff's Response, this type of ambiguous language causes

---

[32] *Id.*
[33] ECF No. 53 at 3, ¶ 8.
[34] *Pinemont Bank v. Belk*, 722 F.2d 232, 235 (5th Cir. 1984).
[35] *Id.*
[36] *Id.*

confusion. Parties should exercise caution, ensuring that their jury trial demands use more precise language, leaving no doubt that the party is requesting a jury trial as to triable issues.

### B. Defendants have the right to a jury trial

A defendant's right to a jury trial is a significant factor in determining whether reference to the bankruptcy court should be withdrawn.[37] If a jury right attaches, then the reference must be withdrawn.[38] A defendant is constitutionally entitled to a jury trial "in Suits at common law, where the value in controversy shall exceed twenty dollars . . . ."[39] Suits at law are those in which legal rights are ascertained and determined as opposed to those based on equitable rights, requiring equitable remedies.[40] Determining whether a suit is one "at law" requires two steps: (1) comparing the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) determining whether the remedy sought is "legal or equitable in nature."[41] The right does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[42] Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to a jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a core proceeding.[43]

As it relates to actions under section 547(b) of the Bankruptcy Code, the Supreme Court has affirmatively held that those who have not submitted a claim against the estate are entitled to a jury trial as a preference defendant.[44] Here, Defendants have not filed a proof of claim in Debtor's bankruptcy case and are therefore entitled to a jury trial as preference defendants.

---

[37] *Tow v. Park Lake Cmtys., LP (In re Royce Homes, LP)*, 578 B.R. 748, 763 (Bankr. S.D. Tex. 2017) (citing *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) ("As to the latter, in *In re Clay* the Fifth Circuit held that there must be withdrawal of the reference as to claims to which the right to trial by jury attach.")).
[38] *In re Clay*, 35 F.3d 190, 195, 197–98 (5th Cir. 1994).
[39] U.S. CONST. amend. VII.
[40] *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989).
[41] *Id*. at 42 (quoting Tull v. U.S., 481 U.S. 412, 417–18 (1987)).
[42] *Granfinanciera*, 492 U.S. at 41.
[43] *See id.*
[44] *Langenkamp v. Culp*, 498 U.S. 42, 42 (1990) ("a party who does not submit a claim against the estate is entitled to a jury trial as a preference defendant . . . a trustee could recover the transfers only by filing what amounts to a legal action").

### C. This Court recommends that the Honorable United States District Court grant Defendants' Motion to Withdraw under the permissive withdrawal provision

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Courts.[45] Pursuant to 28 U.S.C. § 157(d), the District Court may withdraw any case or proceeding referred under § 157, on its own motion or on timely motion of any party for cause shown. Additionally, a district court shall withdraw any case or proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[46] There are two provisions for withdrawing a case referred to a bankruptcy court: mandatory and permissive withdrawals.[47]

#### 1. Mandatory withdrawal of the reference

Pursuant to the Southern District General Order No. 2012-6, in accordance with 28 U.S.C. § 157(a), bankruptcy cases and proceedings under title 11 or arising in or related to a case under title 11 of the United States Code are automatically referred to the bankruptcy court. Section 157(d) provides for both mandatory and permissive withdrawal of the reference by district courts. The mandatory withdrawal provision provides that, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[48] Notably, the mandatory withdrawal provision should be interpreted

---

[45] *See In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[46] 28 U.S.C. § 157(d).
[47] *See id.*
[48] 28 U.S.C. § 157(d).

restrictively, "granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law."[49]

The material and substantial consideration test, adopted in the Southern District of Texas, requires that "the court must find [that] the claim will involve an interpretation of the federal law rather than the mere application of the well-settled law," for withdrawal to be granted.[50] If a court does find that it must undertake analysis of significant open and unresolved issues regarding non-title 11 law, then withdrawal is mandatory.[51] Plaintiff's Amended Complaint contains only two causes of action to avoid and recover a preferential transfer pursuant to 11 U.S.C. §§ 547 and 550 and thus, mandatory withdrawal is inapplicable.[52] This Court recommends that Defendant's Motion to Withdraw be granted under permissive withdrawal.

2. **Permissive withdrawal of the reference**

In addition to mandatory withdrawal, § 157(d) also provides for permissive withdrawal "on [the court's] own motion or on timely motion of any party, for cause shown."[53] The Fifth Circuit in *Holland* provides a list of six factors for a district court to consider in determining whether cause is shown for permissive withdrawal: whether "(i) the underlying lawsuit is a non-core proceeding; (ii) uniformity in bankruptcy administration will be promoted; (iii) forum shopping and confusion will be reduced; (iv) economical use of debtors' and creditors' resources will be fostered; (v) the bankruptcy process will be expedited; and (vi) a party has demanded a jury trial."[54] The party moving

---

[49] *Levine*, 400 B.R. at 203.
[50] *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 347–48 (S.D. Tex. 2009).
[51] *Id.* at 348 (quoting *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996)).
[52] *Tow v. Park Lake Cmtys., LP*, 2018 U.S. Dist. LEXIS 1720, at *2–3 (S.D. Tex. Jan. 4, 2018) (finding that because no other causes of action based on federal law other than the Bankruptcy Code were present in the case, mandatory withdrawal was inapplicable).
[53] 28 U.S.C. § 157(d).
[54] *In re MPF Holding US LLC*, No. 10–03464, 2013 WL 12146958, at *1 (Bankr. S.D. Tex. Apr. 26, 2013) (citing *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

for withdrawal of the reference—Defendants in this case—"bear the burden of establishing grounds for permissive withdrawal."[55]

> i. **While only core claims are asserted in this case, Defendants have a right to a jury trial and do not consent to final orders by this Court; thus, this factor is neutral with respect to withdrawal of the reference**

First, this Court considers whether Plaintiff's claims are core or non-core. The core versus non-core factor is important within the permissive withdrawal analysis, but is not alone determinative.[56] This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[57] The bankruptcy court has power to enter final orders and judgments if a matter is deemed to be a core proceeding.[58] A proceeding is core if it involves substantive rights provided by the Code or could arise only in the context of bankruptcy.[59] "Where core issues predominate and the objectives of the Bankruptcy Code will potentially be impaired, a district court should generally deny a motion to withdraw the reference and permit the bankruptcy court to retain jurisdiction."[60] Conversely, a non-core proceeding is one that could "conceivably have any effect on the estate being administered in bankruptcy."[61] Although non-core

---

[55] *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009). Moreover, cause "can exist only if premised upon a 'sound articulated foundation.'" *Vela v. Enron Oil & Gas Co.*, No. 02–5010, 2007 WL 1564562, at *2 (S.D. Tex. May 29, 2007) (quoting *Holland Am. Ins. Co.*, 777 F.2d at 998)).
[56] *In re Morrison*, 409 B.R. at 392.
[57] 28 U.S.C. § 157(a). *See, e.g.*, *In re: Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012) (granting a standing order of referring all bankruptcy cases to the bankruptcy court).
[58] 28 U.S.C. § 157(b).
[59] *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).
[60] *Rodriguez*, 421 B.R. at 350.
[61] *Id.* at 93.

matters can be heard by the bankruptcy court, only a district court can enter "final order[s] and judgment[s]," without consent of the parties.[62]

Defendants contend that while preference claims under § 547 and recovery under § 550 are statutorily core under § 157(b)(2)(F), Defendants have not submitted proofs of claims in Debtor's bankruptcy case and are thus entitled to a jury trial on those claims.[63]  Defendants conclude that the claims are non-core and they do not consent to entry of final orders by this Court.[64]  Plaintiff responds that the claims are necessarily core, but because Defendants have not filed a claim in the case and have not consented to this Court entering a final judgment, if a trial is necessary, the reference must be withdrawn prior to trial, regardless of whether the claims are core.[65]  Nevertheless, Plaintiff concludes, because the claims are core, this factor weighs against withdrawal.[66]

As Plaintiff correctly points out, despite the core nature of these claims, the reference must be withdrawn before trial where Defendants have not filed a proof of claim or consented to this Court entering a final judgment.  This case represents an exception to the general rule that a district court should generally deny withdrawal of the reference where core claims predominate.[67]  Accordingly, this Court recommends a finding that this factor is neutral with respect to withdrawal of the reference, despite the core nature of Plaintiff's claims.

### ii. Uniformity in the bankruptcy administration is a non-issue because the adversary proceeding recently commenced; thus, this factor weighs in favor of withdrawal

---

[62] *Id.* § 157(c)(1); *In re BP RE, L.P.*, 735 F.3d 279, 286 (5th Cir. 2013) (noting that in order to have constitutional authority to enter final judgments this Court must also determine whether the underlying issue (1) "stems from the bankruptcy itself," or (2) it "would necessarily be resolved in the claims allowance process.").
[63] ECF No. 42 at 7–8, ¶ 30.
[64] *Id.*
[65] ECF No. 53 at 7, ¶ 20.
[66] *Id.*
[67] *See Rodriguez*, 421 B.R. at 350.

Allowing a bankruptcy court familiar with the facts to "adjudicate the proceeding will promote uniformity in the bankruptcy administration."[68] It is important to determine whether the bankruptcy court has become intimately familiar with the underlying facts, the parties, and the remaining issues.[69] If the bankruptcy court maintains an intimate familiarity with the case and has dedicated a large amount of time and resources to the adversary proceeding, this factor "weighs heavily in favor of denying" the withdrawal of the reference.[70] Conversely, this factor favors withdrawal when a motion to withdraw the reference is filed shortly after a complaint and the court has not reached a significant level of familiarity with the case.[71]

This adversary proceeding commenced only three months ago and while this Court is familiar with the facts of this case, the parties, and the underlying bankruptcy case, this Court's involvement in the case has not been so extensive that withdrawal of the reference would disrupt uniformity. Dispositive motions, Plaintiff's Motion for Summary Judgment[72] and Defendants' Motion to Dismiss,[73] and answers thereto have already been filed, but not yet heard or decided. Moreover, because this Court cannot enter final orders due to Defendants' non-consent, this Court recommends finding that this factor weighs in favor of withdrawal.

> iii. **There is no evidence that Defendants are forum shopping and confusion will be reduced by withdrawal; thus, this factor weighs in favor of withdrawal of the reference**

This factor considers whether the moving party has been provoked to forum shop. Courts consider whether the bankruptcy court has made rulings adverse to the moving party and whether

---

[68] *In re British America Properties III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007).
[69] *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 868 (Bankr. S.D. Tex. 2006).
[70] *Id.*
[71] *In re EbaseOne Corp.*, Nos. 01–31527–H4–7, 06–3197, 2006 WL 2405732, at *4 (Bankr. S.D. Tex. June 14, 2006).
[72] ECF No. 40.
[73] ECF No. 41.

the party is asserting its right to a jury trial in good faith or merely as a tool of forum shopping.[74] The main consideration under this factor is whether a party appears to be forum shopping. Forum shopping may appear if the moving party has participated in the underlying bankruptcy case and unfavorable rulings have been made against it.[75] Forum shopping may also appear if the moving party does not invoke its right to a jury trial "through an appropriate motion until after the parties and court have expended significant time and resources resolving pre-trial matters."[76]

Defendants assert that their decision to seek withdrawal does not stem from an unfavorable ruling of this Court, thereby dispensing with usual forum shopping concerns.[77] Plaintiff counters that Defendants participated in the underlying bankruptcy case by participating in the hearing on the involuntary bankruptcy petition and Trustee's factual investigation with respect to her Motion for Preliminary Injunction.[78] Plaintiff concludes that the distinguishing factor in this case is that Defendants are aware of this Court's familiarity *Martinez v. OGA Charters, L.L.C. (In re OGA Charters, L.L.C.)*, 901 F.3d 599 (5th Cir. 2018), the governing case under which Trustee's preferential transfer assertion rests.[79]

Defendants have not filed proofs of claims in the underlying bankruptcy case but did participate in a hearing on an emergency motion to appoint an interim trustee.[80] As noted by Defendants, their withdrawal request does not stem from unfavorable rulings in this case, but, as Plaintiff points

---

[74] *See, e.g.*, *In re MPF Holding US LLC*, 2013 Bankr. LEXIS 5772, at *6 (finding that the moving party had not participated in the underlying bankruptcy case and therefore, no rulings against it had been made and that movant had a good faith right to a jury trial); *In re Blake*, 400 B.R. at 206 (explaining that there is a presumption against finding the waiver of a constitutional right, such as the right to a jury trial, but that a party cannot use the jury right as a tool for forum shopping).
[75] *See In re MPF Holding US LLC*, 2013 Bankr. LEXIS 5772, at *6.
[76] *In re Blake*, 400 B.R. at 206.
[77] ECF No. 42 at 12, ¶ 43.
[78] ECF No. 53 at 8, ¶ 24.
[79] *Id.*
[80] Mar. 2, 2021 Min. Entry.

out, Defendants are familiar with this Court's decision in *OGA Charters, LLC*,[81] and the subsequent affirming decision by the Fifth Circuit.[82]  However,  Defendants knowledge of this Court's familiarity with *In re OGA Charters, L.L.C.* is not indicative of forum shopping because *In re OGA Charters, L.L.C.* binds all federal courts within the Fifth Circuit.  Accordingly, Defendants have not engaged in forum shopping and withdrawal of the reference to a court that can issue final orders in this matter will reduce confusion.  This Court recommends finding that this factor weighs in favor of withdrawal.

### iv. Economical use of resources would result from withdrawal; thus, this factor weighs in favor of withdrawal of the reference

Courts consider whether economical use of the parties' resources would be maximized by declining to withdraw the reference.  By its nature, "[b]ankruptcy aims to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation."[83]  That maximization stems from the specialty and experience of bankruptcy courts and is even greater when the bankruptcy court is familiar with the underlying facts of the case.[84]  However, where a jury demand exists, immediate withdrawal better serves economic interests because it allows the district court to familiarize itself with the case early on.[85]  Conversely, just because the report and recommendation process implemented by Congress may not be the most convenient for a party does not mean the reference should be withdrawn, otherwise "the district courts would be inundated with adversary proceedings that raise both core and non-core claims."[86]  "Finding 'cause' for withdrawal based solely on the inefficiency of having a bankruptcy judge issue a report and recommendation over a matter

---

[81] *Schmidt v. Villarreal (OGA Chaters, LLC)*, 569 B.R. 105 (Bankr. S.D. Tex. 2017).
[82] *Martinez v. OGA Charters, L.L.C. (In re Charters, L.L.C.)*, 901 F.3d 599 (5th Cir. 2018).
[83] *In re MPF Holding US LLC*, 2013 Bankr. LEXIS 5772, at *6.
[84] *Cirillo v. Valley Baptist Health Sys. (In re Cirillo)*, 2014 Bankr. LEXIS 1353, at *26 (Bankr. S.D. Tex. Apr. 3, 2014).
[85] *In re MPF Holding*, 2013 Bankr. LEXIS 5772, at *7.
[86] *Lopez v. Portfolio Recovery Assocs., LLC (In re Lopez)*, 2017 Bankr. LEXIS 2221, at *38 (Bankr. S.D. Tex. Mar. 20, 2017) (citing *Harris-Nutall v. Nationstar Mortg., LLC*, 2016 Bankr. LEXIS 4623, at *25 (Bankr. N.D. Tex. May 19, 2016)).

in which the District Court may review the record in toto would be inconsistent with Congressional intent."[87]

Defendants argue that because they are asserting their jury trial right and this Court can only issue a report and recommendation in this case, having to litigate this case in the bankruptcy court and again at the district court, absent withdrawal, will be an unnecessary and extraordinary drain on the parties' limited resources.[88] Plaintiff's argument is that the most economic approach is to allow this Court to handle pretrial matters, including discovery, if necessary.[89] Defendants are constitutionally entitled to a jury trial in this case and immediate withdrawal of the reference will allow the District Court to familiarize itself with the facts of this case early on, conserving time and resources. Thus, this Court recommends finding that this factor weighs in favor of withdrawal.

> v. **Withdrawal of the reference will not unduly delay administration of the underlying bankruptcy case; thus, this factor is neutral regarding withdrawal of the reference**

This factor considers whether withdrawal would unduly delay the administration of the underlying bankruptcy case.[90] "A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case."[91] Defendants contend that withdrawing the reference now will expedite the bankruptcy process because Defendants' Motion to Withdraw was timely filed and no substantive discovery has been conducted.[92] Plaintiff believes withdrawal will delay a ruling on already filed dispositive motions and ultimately, trial.[93] Plaintiff alleges that delaying trial is an

---

[87] *In re Morrison*, 409 B.R. at 396.
[88] ECF No. 42 at 14, ¶ 48.
[89] ECF No. 53 at 10, ¶ 32.
[90] *In re Doctors Hosp. 1997, L.P.*, 351 B.R. at 869 (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)).
[91] *Id.*
[92] ECF No. 42 at 14–15, ¶¶ 49–50.
[93] ECF No. 53 at 10–11, ¶ 33.

obvious benefit to Defendants and the claims alleged in the Amended Complaint are likely the only significant assets to be liquidated by Trustee.[94]

Here, this District Court's adjudication of this suit will not unduly delay the administration of the bankruptcy case because it will eliminate the prospect of: (1) two proceedings—one in this Court and one in the District Court—with the potential for inconsistent findings and (2) the District Court's *de novo* review of this Court's findings. However, the underlying bankruptcy case remains open and this Court has the necessary time, resources, and familiarity to resolve this dispute in a timely fashion.[95] This Court is also positioned to timely rule on all dispositive motions and other pretrial matters. Accordingly, this Court recommends finding that this factor is neutral.

### vi. Defendants' jury demand was timely; thus, this factor weighs in favor of withdrawal of the reference

When analyzing the jury demand factor, the Court must consider whether there is a timely jury demand pending.[96] Conversely, if there is no pending jury demand this factor "weighs against withdrawing the reference because there is no jury-related impediment to this Court either, as appropriate, entering a final judgment or submitting proposed findings of facts and conclusions of law to the District Court."[97] Despite the ambiguous language of Defendants' jury request, it was included in their Motion to Withdraw that was filed exactly 14 days after Plaintiff filed her Amended Complaint in compliance with Rule 38(b). Accordingly, this Court recommends finding that this factor weighs in favor of withdrawal of the reference.

### III. CONCLUSION

---

[94] *Id.*
[95] *In re Morrison*, 409 B.R. at 394.
[96] FED. R. BANKR. P. 9015 (incorporating FED. R. CIV. P. 38). The existence of a jury demand weighs in favor of withdrawal of the reference. *Veldekens*, 362 B.R. at 769; *In re MPF Holding US LLC*, 2013 WL 12146958, at *3 (finding that if there is a jury demand pending, this factor "weighs heavily in favor of withdrawal of the reference.").
[97] *In re Lopez*, 2017 WL 3382099, at *12.

For the reasons set forth in this Court's Report & Recommendation this Court recommends that the reference be immediately withdrawn, but that the District Court then refer the adversary proceeding to the undersigned judge for adjudication of all pretrial matters, with the undersigned judge thereafter notifying the District Court when the dispute is ready to be tried.

SIGNED May 13, 2021

_____
Eduardo Rodriguez
United States Bankruptcy Judge